UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
WENG WENGUI,

Plaintiff,

v.

DIRECTOR OF THE NEW YORK ASYLUM OFFICE, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, in his/her official capacity, *et al.,*

Defendants.
---------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

26-CV-669
(Gujarati, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

For the reasons set forth below, the undersigned respectfully recommends that the Court grant the Government's motion to dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) (Dkt. No. 16) and dismiss Plaintiff's Complaint without prejudice.[1]

## I. <u>Relevant Background</u>

*Pro se* Plaintiff Weng Wengui[2] commenced this action on February 3, 2026. *See* Dkt. No. 1. As set forth in the Complaint, Plaintiff challenges the allegedly unlawful conduct of the United

---

[1] The Court extends its gratitude to Hadeel Amir, a judicial intern who is a third-year law student at the University of California, Berkeley, School of Law, for her research in connection with this Report and Recommendation.

[2] In the body of the Complaint and in the Civil Cover Sheet, Plaintiff identifies his minor son, W.J., as a plaintiff, but he does not list him in the caption of the Complaint. *See* Dkt. Nos. 1, 1-1. Rule 10 of the Federal Rules of Civil Procedure states that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Indeed, it is well-established that the caption of the complaint is required to include the names of all of the parties to the action. *See Hernandez-Avila v. Averill*, 725 F.2d 25, 27 (2d Cir. 1984) (holding that a plaintiff not identified by name in the caption and who did not sign the pleadings was not a party). "While '[i]t is . . . a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child,' that rule is not 'absolute.'" *Adelman v. Comm'r of Soc. Sec.*, No. 24-CV-6891 (EK), 2026 WL 698744, at *1 (E.D.N.Y. Mar. 12, 2026) (quoting *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284-85 (2d Cir. 2005)). Nonetheless, as W.J. is not listed in the caption of the Complaint, and as there is no indication that W.J. has otherwise responded to any court orders, the issue of whether W.J. is a properly named plaintiff is irrelevant for purposes of this Court's consideration of the Government's motion. The Court herein refers to Weng Wengui as the only Plaintiff in this action.

States Citizenship and Immigration Services ("USCIS") in the adjudication of the asylum application made on behalf of Plaintiff and his minor son, W.J. *Id.* at 1. The Complaint seeks declaratory, injunctive, and mandamus relief. *Id.*

On February 7, 2026, this case was assigned to the undersigned via the Eastern District of New York's Direct Assignment Program, governed by this district's Administrative Order 2025-14. *See* Clerks Notice Re: Consent, dated Feb. 7, 2026.

On April 6, 2026, the Clerk of Court filed a Notice of Deficient Filing ("Deficiency Notice"), noting that Plaintiff did not file a request to proceed *in forma pauperis* or pay the required filing fee, nor did Plaintiff sign the Complaint pursuant to Federal Rule of Civil Procedure 11. Dkt. No. 5. The Deficiency Notice stated that Plaintiff must correct the identified deficiencies within fourteen days of the date of the Deficiency Notice, and if Plaintiff does not comply, his case "will not proceed and may be dismissed." *Id.* at 1. The Clerk of the Court served Plaintiff with the Deficiency Notice, as well as a copy of the form application to proceed *in forma pauperis*. *Id.* at 1-3. To date, Plaintiff has not corrected the aforementioned deficiencies identified by the Clerk of Court.

On April 28, 2026, following a Court order, the Government filed a status report noting that even though the Government had not been served with the Complaint, the Government intended to file a motion to dismiss. *See* Dkt. No. 6. The Government requested, *inter alia*, that the Clerk of Court assign a district judge to this action. *Id.* On April 29, 2026, the undersigned ordered the parties to confer, sign, and file the Direct Assignment Program acknowledgment form by May 8, 2026. *See* Text Order, dated Apr. 29, 2026. The Order also directed the Government to serve a copy of the Order on Plaintiff and file proof of service by April 30, 2026. *Id*. On April 29, 2026, the Government filed an affidavit of service showing that the April 29, 2026 Order was

served on Plaintiff via mail. *See* Dkt. No. 7. The Government also sent an email to Plaintiff at the email address identified in the Complaint (wengwengui1978@gmail.com), attaching a copy of the April 29, 2026 Order and a copy of the Direct Assignment Program acknowledgement form. Dkt. No. 8 at 1-2. The Government requested that Plaintiff sign, date, and return the form via email but received no response. *Id.* at 2.

On May 13, 2026, the Court again ordered the parties to file a signed Direct Assignment Program Acknowledgment form by May 20, 2026. *See* Text Order, dated May 13, 2026. The Government was also directed to serve a copy of this Order on Plaintiff and file proof of service by May 14, 2026. *Id*. On May 19, 2026, the Government again emailed Plaintiff, attaching copies of the April 29, 2026 Order and the Direct Assignment Program acknowledgment form, and advising Plaintiff that the deadline to file the form had been extended to May 20, 2026. Dkt. No. 8 at 2. On May 20, 2026, the Government informed the Court that it received no response to its May 19, 2026 communication. *Id.*; *see also* Dkt. No. 16. at 1-2. On May 21, 2026, the Government filed a declaration of service stating that it served Plaintiff via mail with a copy of the docket sheet, the Direct Assignment Program acknowledgement form, and its May 20, 2026 letter. Dkt. No. 9.

On May 21, 2026, in light of the Government's request to have a district judge assigned to this case because of its anticipated motion to dismiss and the Government's good faith efforts to attempt to contact Plaintiff to file the Direct Assignment Program acknowledgement form, the Court directed the Clerk of Court to request that a district judge be assigned to this action. *See* Text Order, dated May 21, 2026. Additionally, the Court ordered Plaintiff to file a letter updating his current address on the docket by May 27, 2026. *Id.* The Court noted that "[f]ailure to do so may result in a report and recommendation that this action be dismissed due to Plaintiffs' failure to prosecute." *Id.* The Government served the Court's May 21, 2026 Order on Plaintiff on the

same date. *See* Dkt. No. 10. Also on the same date, the Honorable Diane Gujarati, United States District Judge, was assigned to this action. *See* Case Reassignment, dated May 21, 2026.

Plaintiff did not file a letter regarding his address as directed. On May 29, 2026, the Court, for the second time, ordered Plaintiff to file a letter updating his address, and *sua sponte* extending the deadline to June 8, 2026. Text Order, dated May 29, 2026. The Court again warned Plaintiff that his failure to do so may result in a report and recommendation that this action be dismissed for failure to prosecute. *Id.* On June 1, 2026, the Government served a copy of the May 29, 2026 Order on Plaintiff. Dkt. No. 13.

On June 10, 2026, Judge Gujarati referred this matter to the undersigned. *See* Text Order, dated June 10, 2026. For the third time, this Court directed Plaintiff to file a letter updating his address, setting a new deadline of June 19, 2026. *See* Text Order, dated June 10, 2026. The Court advised again Plaintiff that failure to update his address may result in a report and recommendation that this action be dismissed for failure to prosecute. *Id.* The Government served the Court's June 10, 2026 Order on Plaintiff on June 15, 2026. Dkt. No. 14.

On July 10, 2026, the Government filed its motion to dismiss for failure to prosecute. Dkt. No. 16. The Government served a copy of the motion on Plaintiff on the same day. Dkt. No. 17.

## II. <u>**Discussion**</u>

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *Martinez v. McMillan*, No. 25-CV-918 (ENV) (JAM), 2026 WL 318858, at *5 (E.D.N.Y. Feb. 6, 2026) (quoting Fed. R. Civ. P. 41(b)), *report and recommendation adopted*, Text Order, dated Feb. 23, 2026. The United States Court of Appeals for the Second Circuit has stated that a Rule 41(b)

dismissal is a "'harsh remedy that should be utilized only in extreme situations,' especially so when dismissal is with prejudice or when a *pro se* litigant's claim is dismissed for failure to prosecute." *Id.* (first quoting *Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021); and then citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court "considering a Rule 41(b) dismissal must weigh five factors." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Specifically, the district court must weigh the following:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is dispositive, and they apply regardless of whether plaintiff is represented by counsel or proceeding *pro se*." *Rob v. Von Horn*, 808 F. Supp. 3d 505, 528 (E.D.N.Y. 2025) (adopting report and recommendation) (internal quotation marks and citations omitted).

"For a *pro se* litigant, dismissal is reserved for 'circumstances [that] are sufficiently extreme.'" *Id.* (citations omitted). "Dismissal of a *pro se* litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted)); *see also Rob*, 808 F. Supp. 3d at 528 ("While the Second Circuit has cautioned that *pro se* plaintiffs should be granted special leniency regarding procedural matters, courts in this district have recognized that . . . even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." (citation omitted)).

### B. Plaintiff's Failure to Pay the Required Filing Fee or Request to Proceed *In Forma Pauperis*, and His Failure to Sign the Complaint

On April 6, 2026, the Clerk of Court issued the Notice of Deficient Filing, which notified Plaintiff that he failed to sign the Complaint and failed to either pay the required filing or complete the application to proceed *in forma pauperis*. Dkt. No. 5. To date, Plaintiff has not cured these procedural deficiencies, which serves as an independent reason to dismiss this action without prejudice. *See Amanat v. Martinez*, No. 22-CV-95 (E.D.N.Y. Apr. 14, 2022) (Gujarati, J.), Dkt. No. 3 (dismissing a petition for a writ of *habeas corpus* because the *pro se* petitioner failed to pay the filing fee or otherwise cure the deficient filing); *see also Gandolfo v. Nassau Cnty.*, No. 26-CV-2163 (NJC) (ST), 2026 WL 1815709 (E.D.N.Y. June 24, 2026) ("As of the date of this Order, Gandolfo has not paid the filing fee, nor has he otherwise communicated with the Court about this case. Accordingly, the Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute."); *Demetrius v. New York*, No. 25-CV-5648 (NJC) (LGD), 2026 WL 296302, at *2-3 (E.D.N.Y. Feb. 4, 2026) (dismissing without prejudice under Fed. R. Civ. P. 41(b) because the *pro se* plaintiff failed to update his address and failed to respond to the court order to cure the deficient filing by signing his pleading, paying the filing fee, or filing a motion to proceed *in forma pauperis*). Plaintiff's failure to pay the required filing fee or request to proceed *in forma pauperis*, as well as his failure to sign the Complaint, warrant dismissal of this action, without prejudice.

### C. The *Baptiste* Analysis

Additionally, all five of the *Baptiste* factors weigh in favor of dismissal.

As to the first *Baptiste* factor, which focuses on the duration of the failure to comply with Court orders, Plaintiff has not filed anything on the docket for seven months—since February 3, 2026, when the Complaint was filed. *See* Dkt. No. 1. As described above, Plaintiff has been non-

compliant with Court orders regarding the Direct Assignment Program acknowledgement form and update of his address for over four months.[3] In this Circuit, even a delay of a few months may warrant dismissal. *See, e.g.*, *Zappin v. Doyle*, 756 F. App'x 110, 112 (2d Cir. 2019) ("Case law . . . supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal" for failure to prosecute under Fed. R. Civ. P. 41(b)); *Prophete v. N.Y.C Health & Hosps.*, No. 23-CV-11117 (RA), 2025 WL 315958, at *2 (S.D.N.Y. Jan. 28, 2025) (finding dismissal appropriate when Plaintiff had been unresponsive for three months); *Friedeberg v. N.Y. Post*, No. 25-CV-4052 (MKV), 2026 WL 1846735, at *3 (S.D.N.Y. June 25, 2026) ("[C]ourts within this Circuit have held that shorter periods than eight months of noncompliance or inaction supported dismissal." (citations omitted)); *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Fed. R. Civ. P. 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Toliver v. Okvist*, No. 10-CV-5354 (DAB) (JCF), 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (recommending dismissal of a case under Fed. R. Civ. P. 41(b), where the plaintiff's response to a court order was five weeks overdue), *report and recommendation adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Plaintiff's *pro se* status does not excuse his noncompliance with Court orders. *See Agiwal*, 555 F.3d at 302 ("[A]ll litigants, including *pro ses*, have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice." (internal quotation marks and citation omitted)); *Gibson v. City of New York*, No. 21-CV-4251 (GHW) (BCM), 2022 WL 3566493, at *2 (S.D.N.Y. Aug. 3, 2022) ("[L]ike all litigants, *pro se* parties 'have an obligation to comply with court orders. When they flout that obligation they . . . must

[3] As discussed above, Plaintiff also failed to comply with the Notice of Deficient Filing.

suffer the consequences of their actions.'" (citation omitted)), *report and recommendation adopted*, 2022 WL 3549875 (S.D.N.Y. Aug. 18, 2022). Whether measured from Plaintiff's last activity in this action (seven months ago) or from Plaintiff's failure to comply with Court orders (over four months ago), the duration of Plaintiff's failure to prosecute is significant. *See* Dkt. Nos 1, 8. Accordingly, the first factor weighs in favor of dismissal.

As to the second *Baptiste* factor, the Court warned Plaintiff three separate times that a failure to comply with Court orders could result in dismissal. *See* Text Order, dated May 21, 2026 ("Failure to do so may result in a report and recommendation that this action be dismissed due to Plaintiffs' failure to prosecute."); Text Order, dated May 29, 2026 ("Failure to do so may result in a report and recommendation that this action be dismissed due to Plaintiffs' failure to prosecute."); Text Order, dated June 10, 2026 ("Failure to do so may result in a report and recommendation that this action be dismissed due to Plaintiffs' failure to prosecute."). These Orders provided Plaintiff with explicit notice that failure to prosecute his action could result in sanctions, including a recommendation of dismissal. Plaintiff was also served with a copy of the Government's motion to dismiss for failure to prosecute. *See* Dkt. No. 17. Such notices are sufficient to satisfy the second *Baptiste* factor. *See Hunter v. N.Y. State Dep't of Corr. Servs.,* 515 F. App'x 40, 43 (2d Cir. 2013) (finding that a "layperson would have been put on notice of the possibility of dismissal" upon receiving two notices that an action "could be dismissed for a failure to prosecute"); *see also Giles v. Toulsin*, No. 25-CV-3262 (AMD) (JMW), 2026 WL 2574408, at *2 (E.D.N.Y. Aug. 11, 2026) ("Given Plaintiff's *pro se* status, Defendants' counsel has been diligent in providing Plaintiff with ample notice by serving a copy of each Court Order and other filings . . . . Yet Plaintiff has failed to appear."), *report and recommendation adopted*, 2026 WL 2569623 (E.D.N.Y. Aug. 31, 2026).

Moreover, following the Government's repeated efforts to contact Plaintiff by FedEx and email and having received no response, the Court directed Plaintiff to file a letter updating Plaintiff's current address on the docket by May 27, 2026. Text Order, dated May 21, 2026. The Court further warned Plaintiff that failure to update Plaintiff's address may result in a report and recommendation that this action be dismissed for failure to prosecute. *Id.* The Government served a copy of May 21, 2026 Order on Plaintiff. Dkt. No. 10. Under the second *Baptiste* factor, courts have held that "[t]he duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs." *Lovelace v. Wells Fargo Bank, NA*, 348 F.R.D. 404, 406 (E.D.N.Y. 2025) (internal quotation marks and citation omitted); *see also Francis v. City of New York*, No. 24-CV-2530 (MMG) (RFT), 2026 WL 512703, at *2 (S.D.N.Y. Feb. 5, 2026) ("[W]hen a party changes addresses, it is his obligation to notify the court of his new address" (citations omitted)), *report and recommendation adopted*, 2026 WL 512256 (S.D.N.Y. Feb. 24, 2026); *Long v. Griffin*, No. 18-CV-9654 (NSR), 2022 WL 17325814, at *1 (S.D.N.Y. Nov. 28, 2022) ("The duty to inform the Court and defendants of any change of address is 'an obligation that rests with all *pro se* plaintiffs.'" (citations omitted)); *Thornton v. Moroney*, No. 13-CV-8912 (ER), 2014 WL 2805236, at *2 (S.D.N.Y. June 20, 2014) ("[R]egardless of whether Plaintiff actually received notice that delay could result in dismissal, it remained [the plaintiff's] duty to diligently pursue his case and to inform this Court[] . . . of any change of address." (citations omitted)). Accordingly, Plaintiff has filed to comply with his duty to keep the Court apprised of his current address.

As to the third *Baptiste* factor, Plaintiff's repeated failure to respond to Court orders permits the Court to presume as a matter of law that the Government will be prejudiced by further delay. Plaintiff's failure to comply with orders for several months has caused an unreasonable delay.

"Courts may presume such prejudice where, as here, [Plaintiff] has caused an 'unreasonable delay.'" *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (citations omitted); *see also Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." (citations omitted)); *Rob*, 808 F. Supp. 3d at 531 (holding that, "[w]ith respect to the third *Baptiste* factor, Von Horn's failure to appear allows the Court to presume as a matter of law that defendant will be prejudiced by further delay" (citations omitted)).

The fourth *Baptiste* factor also favors dismissal because Plaintiff has been provided with myriad opportunities to respond but has been unresponsive to the Court for months. "[T]he Court must weigh the administrative burden placed on the Court's docket by stagnant cases . . . , with [Plaintiff]'s right to due process and fair chance to be heard." *Rob*, 808 F. Supp. 3d at 531 (citations omitted). "In making this determination, courts look at whether a litigant has been given an opportunity to be heard on the issue of failure to prosecute and compare that to, plaintiff's interest in prosecuting [his] case." *Id.* (internal quotation marks and citation omitted). Here, the Court repeatedly *sua sponte* extended the time for Plaintiff to respond to orders. *See* Text Order, dated May 21, 2026; Text Order, dated May 29, 2026; Text Order, dated June 10, 2026. Plaintiff was served with each of these orders by mail and/or email. *See* Dkt. Nos. 8, 10, 13, 14. These extensions constituted ample opportunity for Plaintiff to be heard, and his non-responsiveness demonstrates a clear lack of interest in pursuing this case. *See Velt Corp. v. United States*, No. 19-CV-5463 (MKB) (ST), 2020 WL 8413513, at *3 (E.D.N.Y. Dec. 7, 2020) ("The Plaintiff has shown no interest in litigating this case as he has failed to move the case forward and has not so much as filed a status report since the matter's inception more than a year ago," which favors dismissal), *report and recommendation adopted*, 2020 WL 7639962 (E.D.N.Y. Dec. 23, 2020).

Plaintiff's repeated, knowing refusal to respond to the Court's orders tips the balance in favor of dismissal, "alleviating the administrative burden and congestion that stagnant cases, such as this one, place on the Court's docket." *Rob*, 808 F. Supp. 3d at 531.

As to the final *Baptiste* factor, a lesser sanction would not be effective in forcing Plaintiff's compliance with Court orders. Courts in this Circuit have found that no sanction less than dismissal is warranted where the plaintiff has "effectively disappeared" and is no longer communicating with the court, despite repeated orders to comply. *Velt Corp.*, 2020 WL 8413513, at *3; *see also Lewis v. Experian Info Sols., Inc.*, No. 23-CV-857 (AMD) (LKE), 2024 WL 4593424, at *3 (E.D.N.Y. Oct. 28, 2024) (explaining that a "lesser sanction is unlikely to remedy the prejudice resulting from [the plaintiff's] delay and failure to comply with court orders" (citation omitted)). Here, Plaintiff has had several months to respond to the Court's orders but has failed to do so. Accordingly, Plaintiff's lack of interest in this case shows that a lesser sanction is unlikely to have any effect. *See Rogers v. Villafane*, No. 12-CV-3042 (CBA) (MDG), 2013 WL 3863914, at *3 (E.D.N.Y. July 24, 2013) (adopting report and recommendation) ("There is no indication that a lesser sanction, such as a fine, would be effective, given the plaintiff's failure to take any action for several months to indicate an interest in pursuing this case.").

The Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of the evaluation of the five *Baptiste* factors above, Plaintiff's non-compliance warrants dismissal of the Complaint.

## III. Dismissal Without Prejudice

While the Government seeks dismissal of this action, it does not specify whether it seeks dismissal with or without prejudice. *See* Dkt. No. 16.[4] "When imposed, the sanction of dismissal

[4] Page citations are to the ECF-stamped pages unless otherwise noted.

'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)). Nonetheless, in the context of failure to prosecute motions against *pro se* plaintiffs, courts find that "dismissal without prejudice is a less harsh, and more appropriate, sanction." *Ernest v. OCFS,* No. 26-CV-2185 (AMD) (JAM), 2026 WL 2146967, at *8 (E.D.N.Y. July 27, 2026) (adopting report and recommendation) (first quoting *Campbell v. City of New York*, No. 21-CV-4056 (JLR), 2023 WL 2561510, at *2 (S.D.N.Y. Mar. 17, 2023); then citing *Reynel v. Barnhart*, No. 01-CV-6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sep. 3, 2002); and then citing *Febrianti v. N.Y.C. Health & Hosps.*, No. 23-CV-6175 (JLR) (SDA), 2025 WL 2411982, at *4 (S.D.N.Y. Aug. 1, 2025), *report and recommendation adopted*, 2025 WL 2411101 (S.D.N.Y. Aug. 20, 2025)). "Dismissal without prejudice adequately balances those interests in this case, by serving 'the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order.'" *Id.* (quoting *Wilson*, 2022 WL 2065030, at *2).

Accordingly, the undersigned respectfully recommends that Plaintiff's claims be dismissed *without* prejudice.

## IV. Conclusion

For the foregoing reasons, the undersigned respectfully recommends that the Government's motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b) be granted and that this action be dismissed without prejudice.

A copy of this Report and Recommendation is being electronically served on the Government's counsel. The Government shall serve a copy of this Report and Recommendation on Plaintiff via overnight mail and e-mail at the following address:

Weng Wengui<br>41-25 Kissena Blvd, #119A379

Flushing, NY 11355
Email: wengwengui1978@gmail.com

The Government shall file proof of service by September 4, 2026.

Any objections to this Report and Recommendation must be filed within fourteen (14) days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Gujarati. The "failure to object timely to a [magistrate judge]'s report operates as a waiver of any further judicial review of the [magistrate judge]'s decision." *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (quoting *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d. Cir. 1989)).

Dated: Brooklyn, New York
September 3, 2026

**SO ORDERED.**

*/s/ Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge